UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JECARRA TREMAIN LANE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2491 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Jecarra Tremain Lane's petition for a writ of habeas corpus, and Respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Respondent's motion should be granted and Lane's petition should be dismissed.

**I.     Background**

Lane is an inmate in the custody of the Texas Department of Criminal Justice. He was convicted in the 177th District Court of Harris County, Texas of continuous sexual abuse of a child. On September 23, 2010, the trial court sentenced Lane to a 30 year term of imprisonment. Judgment, SH (Doc. # 14-25), at 99-100.[1]

A Texas appellate court affirmed Lane's conviction on November 29, 2011. *Lane v. State*, 357 S.W.3d 770 (Tex. App. – Houston [14th] 2011). The Texas Court of Criminal Appeals refused Lane's petition for discretionary review on March 7, 2012.

---

[1]     "SH" refers to the record of Lane's state habeas corpus proceeding.

On August 8, 2016, Lane filed a state application for a writ of habeas corpus. *See* SH (Doc. # 14-25), at 24. The Texas Court of Criminal Appeals denied relief on June 21, 2017. SH at Action Taken Sheet (Doc. # 14-22). Lane filed this federal petition on August 10, 2017. Respondent moved for summary judgment on December 19, 2017, arguing that the petition is barred by the statute of limitations. Lane did not respond to the motion.

## II. Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Lane appealed his conviction, unsuccessfully sought discretionary review of the appellate court's decision, and did not file a petition for a writ of *certiorari*. Therefore, the statute of limitations began to run on the date that Lane's time to file a petition for a writ of *certiorari* expired. Lane had 90 days to file that petition, Sup. Ct. R. 13.1, thereby starting the statute of limitations on June 5, 2012.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Lane did not file his state habeas corpus application until August 8, 2016, more than three years after the statute of limitations expired. Therefore, there was nothing left for that application to toll. Lane's federal petition, filed a year after that, is thus barred by the AEDPA statute of limitations.

## III.    Certificate of Appealability

Lane has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that the petition is time-barred. Therefore, Lane has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

IV.     **Order**

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' Motion for Summary judgment (Doc. # 15) is GRANTED;

2. Jecarra Tremain Lane's Petition for Writ of Habeas Corpus (Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE; and

3. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on this 2nd day of July, 2018.

_____
Kenneth M. Hoyt
United States District Judge